# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MONDELĒZ CANADA INC., | Case No. 2:19-cv-6245-CJC (SSx) |
| Plaintiff, | **FINAL ORDER AND JUDGMENT ON CONSENT** |
| v. | |
| STONEY PATCH, GREEN KING LA INC, DR VAPE GROUP LLC, VAPE HUB LLC, 4TWENTYHUB, and DOES 1-10, | |
| Defendants. | |

{F3429841.1}

This matter, having been commenced by Mondelēz Canada Inc. ("MCI" or "Plaintiff") by filing a Complaint on July 19, 2019 and an Amended Complaint against Stoney Patch, Green King LA Inc, Dr Vape Group LLC, Vape Hub LLC, 4TwentyHub, and Does 1-10 (collectively, "Defendants") on January 21, 2020 (the "Civil Action");

Plaintiff having asserted in the Civil Action claims for trademark infringement under Section 32(1) of the Federal Trademark ("Lanham") Act, 15 U.S.C. § 1114(1), trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and California Business and Professional Code Section 14247, trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and California Business and Professional Code Sections 17200 *et seq.*, based on Defendants' use of marks and packaging that copy MCI's long-established SOUR PATCH brand of gummy candies and MCI's packaging for the same;

Defendant Vape Hub LLC ("Vape Hub") having agreed to entry of this Final Order and Judgment on Consent (the "Judgment");

Vape Hub making, in connection with and as inducement for the entry of the Judgment, the following admissions and representations that are material terms of and form the basis for entry of this Judgment and upon which Plaintiff and the Court have relied:

a. Joshua Storck owns and controls the activities of Vape Hub;

b. Vape Hub acknowledges MCI's exclusive rights in and to the SOUR PATCH mark, Sour Patch Kid Design, and the SOUR PATCH Trade Dress;[1]

c. By at least as early as February 1, 2020, Vape Hub had ceased promoting, offering for sale, selling, and distributing any product that bears an

---

[1] Terms not defined herein defined in the Amended Complaint.

imitation of the SOUR PATCH mark, Sour Patch Kid Design, the SOUR PATCH Trade Dress, any marks or any trade dress confusingly similar thereto, the STONEY PATCH mark, Stoney Kid Design, the Infringing Trade Dress, or any other trade dress confusingly similar thereto (collectively, the "Infringing Products") and has removed all depictions of, displays of, or references to the Infringing Products, from its retail store, all social media, and any websites or e-commerce platforms that it owns or manages or over which it exercises control;

    d.    Vape Hub first offered the Infringing Products for sale in the second quarter of 2019; last purchased Infringing Products for purposes of resale on or about mid-2019; and last sold Infringing Products in the third quarter of 2019;

    e.    Vape Hub has never manufactured any of the Infringing Products and has only sold Infringing Products that consist of empty packaging. Vape Hub has not made or sold any cannabis or other product in or as part of the Infringing Products;

    f.    Vape Hub's source(s) for the Infringing Products were individual vendors who personally visited Vape Hub's premises and offered to sell product on a cash basis. Vape Hub has no knowledge of the names or identities of the sellers and no business cards or other documents identifying the sellers (the "Source"). Vape Hub purchased Infringing Products on two separate occasions. Each transaction was for 10,000 individual units of the Infringing Products for $2,000. Thus in total, Vape Hub purchased 20,000 units of the Infringing Products for $4,000. Vape Hub has had no communications with any Source for at least six months;

    g.    Vape Hub offered the Infringing Product for sale only through its retail store at 212 Boyd St., Los Angeles, California 90013;

    h.    Vape Hub offered for sale the Infringing Products for $.25-$.30 per unit and sold a total of 15,6000 units for sales of no more than $3,000.00;

i.  Vape Hub has not sold Infringing Product to other businesses and has no knowledge of who is responsible for manufacturing the cannabis sold in the packaging at issue or for filling the packaging;

j.  As of its execution of this Judgment, Vape Hub currently has in its possession 4,400 units of the Infringing Products. Other than the items listed in the previous sentence, neither Vape Hub nor any entity that it directly owns or controls, including its agents, employees, servants, licensees, or any entities owned or controlled, in whole or in part, by Vape Hub have possession, custody, or control of any remaining inventory of the Infringing Products; and

k.  Vape Hub has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

This Court having made the following findings and conclusions:

A.  The Court has jurisdiction over the subject matter of the Civil Action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

B.  The Court has personal jurisdiction over Vape Hub under Cal. Code Civ. Proc. § 410.10 because Vape Hub has its principal place of business in California and conducts business in this District including by shipping or selling its products from or into this District.

C.  Venue is proper in this District pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in and are directed to this District.

D.  Vape Hub acknowledges that the Court has jurisdiction over it to enter and enforce this Judgment against it; Vape Hub consents to entry of this Judgment against it; Vape Hub or its legal representatives over 21-years-old have the legal capacity to enter into this Judgment, to bind it, and to carry out all obligations and

{F3429841.1}                -4-
FINAL ORDER AND JUDGMENT ON CONSENT

requirements herein; and the individual executing this Judgment on behalf of Vape Hub has the power to bind Vape Hub and execute this Judgment on its behalf.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Judgment is granted in favor of Plaintiff and against Vape Hub on Plaintiff's claims for trademark infringement under Section 32(1) of the Federal Trademark ("Lanham") Act, 15 U.S.C. § 1114(1), trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and California Business and Professional Code Section 14247, trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and California Business and Professional Code Sections 17200 *et seq.*

2. Vape Hub, and each of its owners, managers, officers, directors, representatives, agents, privies, servants, affiliates, employees, successors, assigns, heirs, and designees, as applicable, and any entity created, owned, or controlled in whole or in part by Vape Hub or the majority owner, manager, officer, or director of Vape Hub, including but not limited to the individual executing this Judgment on behalf of Vape Hub, now or in the future, are each hereby permanently enjoined and forever restrained from:

   a. Importing, manufacturing, ordering, purchasing, distributing, displaying, promoting, selling, or offering for sale the Infringing Products, whether empty or not, or from engaging in any activities with the purpose or intent of placing the Infringing Products, whether empty or not, into public circulation;

   b. Making any commercial use of any of the Sour Patch Marks alone or in combination with each other or with other marks or terms for any purpose and in any medium, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any products bearing any of the Sour

Patch Marks, or any other design that is confusingly similar to any of the Sour Patch Marks other than genuine SOUR PATCH brands that are sold and packaged and intended for sale by Plaintiff;

   c. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Vape Hub is associated with Plaintiff or that any product manufactured, reproduced, distributed, advertised, displayed, promoted, offered for sale, sold, imported, exported, or licensed by Vape Hub is in any manner associated or connected with Plaintiff, is a genuine product of Plaintiff, or is authorized, licensed, sponsored, or otherwise approved by Plaintiff;

   d. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the Sour Patch Marks;

   e. Taking any action inconsistent with Plaintiff's rights or claims of rights in and to the Sour Patch Marks; and

   f. Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(e) above, inclusive;

  3. Vape Hub at its own cost and expense within five (5) business days of entry of this Judgment shall deliver its remaining inventory of Infringing Products to Plaintiff's counsel for destruction. Vape Hub will not be compensated for its remaining inventory of Infringing Products. Plaintiff shall have sole discretion as to how to dispose of the inventory recovered.

  4. Vape Hub shall notify Plaintiff of any third party that it, or any of its officers, owners, managers, directors, representatives, agents, privies, servants, affiliates, employees, successors, assigns, heirs, or designees, becomes aware of that is offering to sell or that is selling an Infringing Product and Vape Hub must cooperate with Plaintiff in any action Plaintiff takes against any such third party.

5. Vape Hub shall turn over all documents concerning the manufacture, ordering, purchase, or shipment of the Infringing Products and all documents concerning sales of the Infringing Products to third-party resellers.

6. Vape Hub shall maintain all books and records concerning the Infringing Products, including purchases and sales, which shall be made available to Plaintiff within 30 days of any request by Plaintiff.

7. Any violation by Vape Hub of any provision of this Judgment or any error or omission in any of Vape Hub's representations shall constitute contempt of a Court Order, and Plaintiff shall be entitled to all relief under 18 U.S.C. § 401, *et seq.*, as well as the following relief and remedies from Vape Hub, which remedies are cumulative:

   a. to the extent any of the representations are deemed by the Court to be materially false, Vape Hub shall pay to Plaintiff $5,000 for each representation that is false;

   b. disgorgement to Plaintiff of all profits Vape Hub receives in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Vape Hub shall provide a list of all items purchased from third parties and shall disclose the price at which Vape Hub sold all such products. Plaintiff shall be entitled to the difference between the sale price received by Vape Hub and the purchase price it paid;

   c. all investigation costs incurred by Plaintiff in learning of or investigating any violation or breach of this Judgment;

   d. all of Plaintiff's costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Vape Hub or its counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

1........e.......any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

Vape Hub shall not challenge Plaintiff's rights to any of the relief identified in subparagraphs 7(a)-(e), above. In addition to the relief identified above, Plaintiff may also pursue all remedies provided by the Lanham Act or any other law.

8. This Judgment resolves the claims and demands that were asserted by Plaintiff in the Civil Action against Vape Hub and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Vape Hub in the Civil Action and all relief and remedies requested or that could have been requested by Vape Hub, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, and defenses.

9. The parties shall bear their own costs and attorneys' fees.

10. Vape Hub acknowledges that it has obtained advice of counsel with respect to this Judgment. Vape Hub further acknowledges that its decision to consent to the entry of this Judgment was not influenced by any promises, representations, or statements made by Plaintiff or anyone acting on their behalf other than those set forth herein.

11. This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

12. By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Judgment.

///
///
///
///
///

13. This Judgment is a final judgment and the parties to this Judgment waive all rights to appeal from entry of this Judgment.

Dated: Los Angeles, California
March 17, 2020

SO ORDERED:

_____
Cormac J. Carney
United States District Judge

STIPULATED AND AGREED:

Dated: _____
       _____, 2020          MONDELĒZ CANADA INC.

                                    By:_____

                                    Name:_____

                                    Title:_____

STIPULATED AND AGREED:

Dated: Los Angeles, California
_____, 2020

VAPE HUB LLC

By:_____

Name: Joshua Storck

Title:_____