# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONDELĒZ CANADA INC., | Case No. 2:19-cv-6245-CJC-SS |
| Plaintiff, | **FINAL ORDER AND JUDGMENT ON CONSENT** |
| v. | **COMPLAINT FILED: 07/19/19** |
| STONEY PATCH, GREEN KING LA INC, DR VAPE GROUP LLC, VAPE HUB LLC, 4TWENTYHUB, and DOES 1-10, | **AMENDED COMPLAINT FILED 1/21/20** |
| Defendants. | |

{F3485762.1}

1  This matter, having been commenced by Mondelēz Canada Inc. ("MCI" or
2  "Plaintiff") by filing a Complaint on July 19, 2019 and an Amended Complaint
3  against Stoney Patch, Green King LA Inc, Dr Vape Group LLC, Vape Hub LLC,
4  4TwentyHub, and Does 1-10 (collectively, "Defendants") on January 21, 2020 (the
5  "Civil Action");

6  Plaintiff having asserted in the Civil Action claims for trademark
7  infringement under Section 32(1) of the Federal Trademark ("Lanham") Act, 15
8  U.S.C. § 1114(1), trademark dilution under Section 43(c) of the Lanham Act, 15
9  U.S.C. § 1125(c) and California Business and Professional Code Section 14247,
10 trade dress infringement and unfair competition under Section 43(a) of the Lanham
11 Act, 15 U.S.C. § 1125(a), unfair competition under Section 43(a) of the Lanham
12 Act, 15 U.S.C. § 1125(a) and California Business and Professional Code Sections
13 17200 *et seq.*, based on Defendants' use of marks and packaging that copy MCI's
14 long-established SOUR PATCH brand of gummy candies and MCI's packaging for
15 the same;

16 Defendant Dr Vape Group LLC ("Dr Vape") having agreed to entry of this
17 Final Order and Judgment on Consent (the "Judgment");

18 Dr Vape making, in connection with and as inducement for the entry of the
19 Judgment, the following admissions and representations that are material terms of
20 and form the basis for entry of this Judgment and upon which Plaintiff and the Court
21 have relied:

22  a.  Azizuddin Pirani owns and controls the activities of Dr Vape;
23  b.  Dr Vape acknowledges MCI's exclusive rights in and to the SOUR
24 PATCH mark, Sour Patch Kid Design, and the SOUR PATCH Trade Dress;[1]
25  c.  By at least as early as February 1, 2020, Dr Vape had ceased accepting,
26 promoting, displaying, selling, offering to sell, distributing, trading in or otherwise

---

[1] Terms not defined herein defined in the Amended Complaint.

facilitating the manufacture, importation, sale, delivery, or use of any product that bears an imitation of the SOUR PATCH mark, Sour Patch Kid Design, the SOUR PATCH Trade Dress, any marks or any trade dress confusingly similar thereto, the STONEY PATCH mark, Stoney Kid Design, the Infringing Trade Dress, or any other trade dress confusingly similar thereto (collectively, the "Infringing Products") and has removed all depictions of, displays of, or references to the Infringing Products, from its retail store, all social media, and any websites or e-commerce platforms that it owns or manages or over which it exercises control;

　　　　d.　　Dr Vape has not manufactured or sold any of the Infringing Products and has no records, email addresses, contact names, phone numbers or text numbers of anyone responsible for the manufacture, sale or offering for sale of the Infringing Products;

　　　　e.　　Dr Vape's source(s) for the Infringing Products were individual vendors who personally visited Dr Vape's premises and offered to provide samples of Infringing Product to Dr Vape for Dr Vape to advertise and promote to third parties.  If a third party was interested in placing an order for the Infringing Product, Dr Vape was instructed to take note and wait for the vendor to return and inquire. No such inquiries were made.  Dr Vape has no knowledge of the names or identities of the vendors who approached it (the "Source") and has had no communications with any Source for at least four months;

　　　　f.　　Dr Vape displayed the Infringing Product only through its retail store at 305 Boyd Street, Los Angeles, California 90013 and only had five units of Infringing Product in its custody and control;

　　　　g.　　Dr Vape has no knowledge of who is responsible for manufacturing the cannabis sold in the packaging at issue or for filling the packaging;

　　　　h.　　As of its execution of this Judgment, neither Dr Vape nor any entity that it directly owns or controls, including its agents, employees, servants, licensees,

or any entities owned or controlled, in whole or in part, by Dr Vape have possession, custody, or control of any remaining inventory of the Infringing Products; and

    i.    Dr Vape has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

This Court having made the following findings and conclusions:

A.    The Court has jurisdiction over the subject matter of the Civil Action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

B.    The Court has personal jurisdiction over Dr Vape under Cal. Code Civ. Proc. § 410.10 because Dr Vape has its principal place of business in California and conducts business in this District including by shipping or selling its products from or into this District.

C.    Venue is proper in this District pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in and are directed to this District.

D.    Dr Vape acknowledges that the Court has jurisdiction over it to enter and enforce this Judgment against it; Dr Vape consents to entry of this Judgment against it; Dr Vape or its legal representatives over 21-years-old have the legal capacity to enter into this Judgment, to bind it, and to carry out all obligations and requirements herein; and the individual executing this Judgment on behalf of Dr Vape has the power to bind Dr Vape and execute this Judgment on its behalf.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.    Judgment is granted in favor of Plaintiff and against Dr Vape on Plaintiff's claims for trademark infringement under Section 32(1) of the Federal Trademark ("Lanham") Act, 15 U.S.C. § 1114(1), trademark dilution under Section

43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and California Business and Professional Code Section 14247, trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and California Business and Professional Code Sections 17200 *et seq.*

2. Dr Vape, and each of its owners, managers, officers, directors, representatives, agents, privies, servants, affiliates, employees, successors, assigns, heirs, and designees, as applicable, and any entity created, owned, or controlled in whole or in part by Dr Vape or the majority owner, manager, officer, or director of Dr Vape, including but not limited to the individual executing this Judgment on behalf of Dr Vape, now or in the future, are each hereby permanently enjoined and forever restrained from:

    a. Importing, manufacturing, ordering, purchasing, distributing, displaying, promoting, selling, or offering for sale the Infringing Products, whether empty or not, or from engaging in any activities with the purpose or intent of placing the Infringing Products, whether empty or not, into public circulation;

    b. Making any commercial use of any of the Sour Patch Marks alone or in combination with each other or with other marks or terms for any purpose and in any medium, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, exporting, or licensing any products bearing any of the Sour Patch Marks, or any other design that is confusingly similar to any of the Sour Patch Marks other than genuine SOUR PATCH brands that are sold and packaged and intended for sale by Plaintiff;

    c. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Dr Vape is associated with Plaintiff or that any product manufactured, reproduced, distributed, advertised, displayed, promoted, offered for sale, sold,

imported, exported, or licensed by Dr Vape is in any manner associated or connected with Plaintiff, is a genuine product of Plaintiff, or is authorized, licensed, sponsored, or otherwise approved by Plaintiff;

    d.    Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of the Sour Patch Marks;

    e.    Taking any action inconsistent with Plaintiff's rights or claims of rights in and to the Sour Patch Marks; and

    f.    Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(e) above, inclusive;

3.    Dr Vape shall notify Plaintiff of any third party that it, or any of its officers, owners, managers, directors, representatives, agents, privies, servants, affiliates, employees, successors, assigns, heirs, or designees, becomes aware of that is offering to sell or that is selling an Infringing Product and Dr Vape must cooperate with Plaintiff in any action Plaintiff takes against any such third party.

4.    Any violation by Dr Vape of any provision of this Judgment or any error or omission in any of Dr Vape's representations shall constitute contempt of a Court Order, and Plaintiff shall be entitled to all relief under 18 U.S.C. § 401, *et seq.*, as well as the following relief and remedies from Dr Vape, which remedies are cumulative:

    a.    to the extent any of the representations are deemed by the Court to be materially false, Dr Vape shall pay to Plaintiff $5,000 for each representation that is false;

    b.    disgorgement to Plaintiff of all profits Dr Vape receives in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Dr Vape shall provide a list of all items purchased from third parties and shall disclose the price at which Dr Vape sold all such products. Plaintiff shall be entitled to the difference between the sale price received by Dr Vape and the purchase price it paid;

   c. all investigation costs incurred by Plaintiff in learning of or investigating any violation or breach of this Judgment;

   d. all of Plaintiff's costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Dr Vape or its counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

   e. any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

  Dr Vape shall not challenge Plaintiff's rights to any of the relief identified in subparagraphs 4(a)-(e), above. In addition to the relief identified above, Plaintiff may also pursue all remedies provided by the Lanham Act or any other law.

  5. This Judgment resolves the claims and demands that were asserted by Plaintiff in the Civil Action against Dr Vape and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Dr Vape in the Civil Action and all relief and remedies requested or that could have been requested by Dr Vape, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, and defenses.

  6. The parties shall bear their own costs and attorneys' fees.

  7. Dr Vape acknowledges that it has obtained advice of counsel with respect to this Judgment. Dr Vape further acknowledges that its decision to consent to the entry of this Judgment was not influenced by any promises, representations, or statements made by Plaintiff or anyone acting on their behalf other than those set forth herein.

  8. This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of making any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

9. By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Judgment.

10. This Judgment is a final judgment and the parties to this Judgment waive all rights to appeal from entry of this Judgment.

Dated: Los Angeles, California
      April 28, 2020

SO ORDERED:

_____
Cormac J. Carney
United States District Judge

STIPULATED AND AGREED:

Dated: Toronto, Canada
      _____, 2020

MONDELĒZ CANADA INC.

By:_____

Name:_____

Title:_____

{F3485762.1}

-8-

FINAL ORDER AND JUDGMENT ON CONSENT

STIPULATED AND AGREED:

Dated: Los Angeles, California     DR VAPE GROUP LLC
_____, 2020

By:_____

Name:_____

Title:_____